*549 OPINION OF THE COURT
Thomas W. Keegan, J.
In this CPLR article 78 proceeding, petitioner Ashland Equities Co. asks the court to annul a decision by the Attorney-General’s office, rejecting a request to declare a condominium offering plan effective as arbitrary and capricious.
Owners of the property located at 218 W. 14th St. in Manhattan claim to have three purchasers who qualify as subscribers. Under General Business Law § 352-eeee (2) (c) (i), sponsors of a noneviction condominium conversion plan must execute purchase agreements with prospective purchasers of 15% of the units in the building within 15 months of the filing of the initial offering plan. For this 13-unit building, only two such agreements must be filed to meet the 15% minimum. Qualifying subscribers must also sign an affidavit of intent stating that they or a close family member will occupy the unit.
The Attorney-General’s office refused to declare the plan effective when, upon investigation, one of the two original qualifying purchasers, Susan Thomas, fold Assistant Attorney-General Derrick Gibbs that she was unsure whether she would ultimately occupy the unit she had agreed to purchase.
Ms. Thomas signed a purchase agreement on June 7, 1993. At the same time, she signed an affidavit stating that she intended to occupy the unit. There is no question that at the time she signed the affidavit, her intent to occupy the unit was genuine. Ms. Thomas’ intention began to waiver sometime around October, because she was having difficultly selling her other residence. The sponsors filed a second amendment to the offering plan on December 30, 1993, declaring the plan effective. Mr. Gibbs rejected the filing because of Ms. Thomas’ change of heart, claiming she was no longer a bona fide purchaser.
Petitioners argue that this decision was arbitrary and capricious because the use of the word "intend” in the statute requires only a state of mind at the time the subscription agreement is signed and impliedly contemplates that the subscriber might not ultimately occupy the unit. They also argue that respondent’s rejection on this ground is, at least, premature, since Ms. Thomas remains obligated to purchase the unit. Given these facts, whether Ms. Thomas will occupy cannot be known within the 15-month time limit, which has now expired, although she does now state that her intention *550 has changed. Petitioners also point to a regulation promulgated pursuant to the statute which expressly states that a purchaser who fails to get financing may, nevertheless, count toward the 15% minimum required to declare the plan effective as evidence of their interpretation that intention to occupy at the time the subscription agreement is signed is all that is required.
Unquestionably, the Attorney-General’s office is given broad investigatory powers under article 23-A of the General Business Law, known as the "Martin Act,” which was designed to protect consumers against fraudulent practices of developers in the condominium and cooperative conversion process. (Goldsmith, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 19, General Business Law art 23-A, Supp Pamph, at 32.) However, there is no issue of fraud or misrepresentation here. This case presents a different question.
While most of the published cases focus on fraudulent conversion practices, one lengthy decision discusses the merits of other challenges to the minimum percentages of bona fide purchasers. (State of New York v Rachmani Corp., NYLJ, Dec. 18, 1984, at 11, col 2.) In that case, the court permitted to be counted a tenant who was suspected of intending to transfer his rights to another tenant in the building after the purchase was completed, holding that the tenant’s purchase agreement should be counted toward the minimum because he was a qualified purchaser "at the time the offering plan was filed and at the time the subscription was entered into.” (Supra, at 11, col 5.)
Since there is no allegation of fraud in this case, the court finds that the Attorney-General was not justified in rejecting Ms. Thomas’ application as a bona fide purchaser. Having so decided, there is no need to address the question of the third prospective purchaser. The Attorney-General’s office is ordered to count Ms. Thomas’ purchase agreement toward the minimum number required for filing, and, if the sponsor has met all of the other requirements, accept the second amendment to the plan for filing and declare it effective.